Tammy Hussin (Bar No. 155290)
*Of Counsel*
Lemberg & Associates LLC
6408 Merlin Dr., Suite #100
Carlsbad, CA 92011
Telephone (855) 301-2300 ext. 5514
thussin@lemberglaw.com
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905

Attorneys for Plaintiff, Kevin Shields

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Kevin Shields,<br><br>Plaintiff,<br><br>vs.<br><br>Imperial Recovery Partners, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et. seq;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Kevin Shields, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

4. The Plaintiff, Kevin Shields (hereafter "Plaintiff"), is an adult individual residing at 9237 Greenback lane Apartment 111Orangevale, California 95662, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Imperial Recovery Partners, LLC (hereafter "Imperial"), is a company with an address of Imperial Recovery Partners, LLC. 7720 W. 119st Overland Park, KS 66213, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Imperial and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Imperial Recovery Partners, LLC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $600.00 (the "Debt") to Wells Fargo (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Imperial Recovery Partners, LLC for collection, or Imperial Recovery Partners, LLC was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Imperial Recovery Partners, LLC Engages in Harassment and Abusive Tactics**

12. Within the last year, Imperial contacted Plaintiff in an attempt to collect the Debt.

13. Imperial failed to send a 30-Day validation letter to Plaintiff within five days of the initial contact as required by law.

14. Plaintiff informed Imperial that he did not remember the Debt and asked for validation. Imperial refused to provide validation.

15. Plaintiff requested to speak to a supervisor when speaking with one collector. The Imperial collector refused to comply with Plaintiff's request and used hostile and abusive language, often times yelling at Plaintiff in a loud and aggressive tone in an effort to intimidate Plaintiff into making immediate payment.

16. Imperial failed to identify itself when speaking with Plaintiff and told Plaintiff that it was calling from a "law enforcement agency" in an attempt to intimidate Plaintiff into immediately paying the Debt.

17. Imperial threatened Plaintiff with immediate court action if Plaintiff did not immediately pay the Debt. To this date, no legal action has taken place.

**C. Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

23. The Defendants falsely represented to the Plaintiff that it was affiliated with the United States or a government entity, in violation of 15 U.S.C. § 1692e(1).

24. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

25. The Defendants used a name other than the true name of the debt collection agency, in violation of 15 U.S.C. § 1692e(14).

26. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

27. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

28. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

29. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

30. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

31. The Defendants continued collection efforts even though the debt had not been verified, in violation of 15 U.S.C. § 1692g(b).

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.**

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

36. Imperial Recovery Partners, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

37. The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

38. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

39. The Defendants communicated with the Plaintiff in a name that was not the name of the debt collector or debt collection agency, in violation of Cal. Civ. Code § 1788.13(a).

40. The Defendants falsely represented that it was affiliated with a governmental agency or a state official, in violation of Cal. Civ. Code § 1788.13(d).

41. The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

42. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

43. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: June 9, 2011

TAMMY HUSSIN

By: *__/s/ Tammy Hussin________*
Tammy Hussin *Of Counsel*
Lemberg & Associates, LLC
Attorney for Plaintiff Kevin Shields